7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victor G. HARRIS, Plaintiff-Appellant,
v.
Terry A. WALLACE, Director, Defendant-Appellee.
 No. 93-3400.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1993.
 
 Before: MILBURN and GUY, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Victor Harris, a pro se litigant, appeals from a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Harris's complaint stated that the defendant deprived him of the exact amount of public assistance payments to which Harris believed he was entitled. The defendant was sued in his official capacity, and, for relief, Harris requested a judgment against the defendant in the sum of one million dollars. The district court dismissed the complaint for lack of prosecution. Upon de novo review, we affirm the judgment of the district court but do so for a reason other than that stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 3
 State officials are not subject to suit for monetary damages in their official capacity under 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 n. 10 (1989). Harris's complaint is clear that the defendant was being sued in his official capacity and that the only relief sought was monetary damages. The defendant filed a motion to dismiss, arguing that, because the defendant had been sued in his official capacity with only monetary damages requested, Harris had failed to state a cause of action upon which relief could be granted. Harris did not respond to this argument. The dismissal of Harris's complaint was appropriate as Harris failed to state a cause of action upon which relief could be granted.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.